JON M. SANDS
Federal Public Defender
District of Arizona

DANIEL L. KAPLAN
State Bar No. 021158
Assistant Federal Public Defender
dan_kaplan@fd.org
KEITH J. HILZENDEGER
State Bar No. 023685
keith_hilzendeger@fd.org
Research and Writing Specialist
850 West Adams Street, Suite 201
Phoenix, Arizona 85007

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Sherwin Johnson,<br><br>Petitioner,<br><br>v.<br><br>Randy Tracy, Chief Administrator, Gila River Indian Community Department of Rehabilitation and Supervision,<br><br>Respondent. | No. CV 11-1979-PHX-DGC (DKD)<br><br>**Amicus Curiae Brief of Federal Public Defender in Support of Petitioner** |

On August 10, 2012, the Magistrate Judge entered a Report and Recommendation recommending that petitioner Sherwin Johnson's petition for a writ of habeas corpus be denied. (Doc. 16.) The Office of the Federal Public Defender for the District of Arizona ("FPD") is filing herewith a motion for leave to file this amicus curiae brief urging the Court to reject the Magistrate Judge's recommendation. The FPD respectfully submits that the Magistrate Judge's analysis is flawed for the reasons set forth in the following Memorandum of Points and Authorities.

## Memorandum of Points and Authorities

**I.   The Magistrate Judge's ex post facto and savings clause analysis is flawed.**

Mr. Johnson's petition seeks relief under the Tribal Law and Order Act of 2010, Pub. L. No. 111-211, tit. II (Jul. 29, 2010), 124 Stat. 2261-2301 ("TLOA"). TLOA amended the Indian Civil Rights Act, which is codified at 25 U.S.C. § 1302. The Magistrate Judge recommends that this Court deny relief on all of Mr. Johnson's claims, on the rationale that "applying [TLOA] to conduct which occurred before the law was effective would violate the Ex Post Facto Clause of the United States Constitution" because TLOA either "increase[s] the punishment (by increasing the permissible sentence from one year to three)" or "take[s] away a defense (because jurisdiction exists where it did not before)." (Doc. 16 at 4:14-17.) The Magistrate Judge's analysis is flawed, because the portions of TLOA on which Mr. Johnson's claims are based does neither of these things.

In stating that TLOA "increas[es] the permissible sentence from one year to three," the Magistrate Judge presumably intends to refer to the portions of TLOA codified at 25 U.S.C. § 1302(a)(7)(C) and (b) that raise the maximum per-offense sentence that a tribal court may impose from one year to three years under specified conditions. *See* 25 U.S.C. § 1302(a)(7)(C) (setting maximum sentence for offenses punishable by over one year of imprisonment at three years of imprisonment); *id.* § 1302(b) (specifying offenses punishable by over one year of imprisonment). But those provisions of TLOA are irrelevant. The Community court did not sentence Mr. Johnson to more than one year of imprisonment for any one offense (Doc. 1 at 4-5 (¶¶ 14-16)), and thus those provisions of TLOA were not applied to him, nor does he seek to vindicate rights under them. Indeed, if the

1  Community *had* invoked those provisions of TLOA to sentence Mr. Johnson to
2  more than one year of imprisonment in connection with a single offense, the ex
3  post facto prohibition would have entitled Mr. Johnson to *relief* from that unlawful
4  sentence, rather than *nullifying* his entitlement to relief, as the Magistrate Judge
5  concludes.

The meaning of the Magistrate Judge's statement that under TLOA "jurisdiction exists where it did not before" (Doc. 16 at 4:15-16) is unclear, but this statement is apparently intended to describe the language of TLOA creating 'jurisdiction' to impose sentences in excess of one year of imprisonment for individual offenses codified at § 1302(a)(7)(C) and (b), and is thus misguided for the reasons set forth above.

The portion of TLOA upon which Mr. Johnson's Claims 1, 2, 4, and 6 are based is not the portion to which the Magistrate Judge evidently referred, but rather the portion codified at 25 U.S.C. § 1302(c), captioned "Rights of defendants."  (Doc. 1 [habeas petition] at 5-12.)  This portion of TLOA vests tribal-court defendants with the following rights in a "criminal proceeding" in which a tribe imposes more than one year of imprisonment:

> **(c) Rights of defendants**
>
> In a criminal proceeding in which an Indian tribe, in exercising powers of self-government, imposes a total term of imprisonment of more than 1 year on a defendant, the Indian tribe shall–
>
> **(1)** provide to the defendant the right to effective assistance of counsel at least equal to that guaranteed by the United States Constitution; and
>
> **(2)** at the expense of the tribal government, provide an indigent defendant the assistance of a defense attorney licensed to practice law by any jurisdiction in the United States that applies appropriate

>professional licensing standards and effectively ensures the competence and professional responsibility of its licensed attorneys;
>
>**(3)** require that the judge presiding over the criminal proceeding–
>
>>**(A)** has sufficient legal training to preside over criminal proceedings; and
>>
>>**(B)** is licensed to practice law by any jurisdiction in the United States;
>
>**(4)** prior to charging the defendant, make publicly available the criminal laws (including regulations and interpretative documents), rules of evidence, and rules of criminal procedure (including rules governing the recusal of judges in appropriate circumstances) of the tribal government; and
>
>**(5)** maintain a record of the criminal proceeding, including an audio or other recording of the trial proceeding.

25 U.S.C. § 1302(c) (Westlaw 2012).

As this provision's plain language demonstrates, these rights are not limited to cases in which tribal courts impose a term of imprisonment exceeding one year for an individual *offense* pursuant to § 1302(a)(7)(C) and (b) – instead, they apply in any case in which a sentence exceeding one year is imposed in a single "*criminal proceeding*," regardless of how many "offenses" are involved in a given "proceeding." Section 1302(c) thus operates independently of § 1302(a)(7)(C) and (b), and its ex post facto implications must be assessed independently of those provisions. *See Weaver v. Graham*, 450 U.S. 24, 36 n.22 (1981).

The Magistrate Judge's analysis could therefore be relevant to Mr. Johnson's Claims 1, 2, 4, and 6 only if applying the portion of TLOA codified at § 1302(c) would violate the ex post facto prohibition. And it plainly would not, because this provision of TLOA does not "'punish[] as a crime an act which was not a crime when committed, increase[] the punishment for a crime after its

commission, or deprive[] a defendant of a defense available at the time the act was performed.'" (Doc. 16 [Report and Recommendation] at 4:11-13 (*quoting Means v. N. Cheyenne Tribal Court*, 154 F.3d 941, 947 (9th Cir. 1998), *overruled on other grounds by United States v. Enas*, 255 F.3d 662 (9th Cir. 2001)).) Instead, the portion of TLOA codified at § 1302(c) imposes *procedural* requirements that must be observed in a "criminal proceeding" in which a sentence exceeding one year of imprisonment is imposed. It is well established that "changes in the *procedures* by which a criminal case is adjudicated, as opposed to changes in the substantive law of crimes," do not implicate the ex post facto prohibition. *Collins v. Youngblood*, 497 U.S. 37, 45 (1990) (emphasis added); *see also United States v. Woods*, 399 F.3d 1144, 1147 (9th Cir. 2005) ("if a change in criminal law does 'not increase the punishment nor change the ingredients of the offense or the ultimate facts necessary to establish guilt,' the change is procedural and therefore does not affect a substantial right") (*quoting Weaver*, 450 U.S. at 31 n.12).

The Magistrate Judge's reference to the federal savings clause, 1 U.S.C. § 109 (Doc. 16 at 4:22-24), is flawed for essentially the same reason, because it is equally well established that the savings clause "does not ordinarily preserve discarded remedies *or procedures*." *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 661 (1974) (emphasis added).

For these reasons, and because the factual bases of these claims are undisputed, Mr. Johnson is entitled to relief on Claims 1, 2, 4, and 6.

**II. The Magistrate Judge's suggested rationales for rejecting Claims 3, 5, 7, and 9 are flawed.**

The Magistrate Judge recommends denying relief on Claims 3, 5, 7, and 9 on the ground that applying TLOA "retroactively" would violate the ex post facto

5

prohibition.  (Doc. 16 at 4:26-5:17.)  This analysis is flawed, because these claims are based on the Indian Civil Rights Act's *due process* guarantee, which has been on the books since 1968.  *See* Pub. L. No. 90-284, § 202 (1968), 82 Stat. 73, 77.  The Tribal Law and Order Act recodified this provision from § 1302(8) to § 1302(a)(8), but did not change its substance.  *Compare* 25 U.S.C. § 1302(a)(8) (Westlaw 2012) *with* 25 U.S.C. § 1302(8) (Westlaw, USCA09 database).  No retroactivity is involved in applying this 1968 law to Mr. Johnson's case.

The Magistrate Judge's particularized reasons for rejecting these claims are also flawed:

• The Magistrate Judge recommends denying relief on Claims 4 and 5 on the rationale that Mr. Johnson "cannot point to any specific errors" relating to the unrecorded portions of his trial.  (Doc. 16 at 5:7-8.)  This reasoning is flawed because the Community's failure to record portions of Mr. Johnson's trial *is* the "specific error[]" upon which these claims rest.  (Doc. 1 at 7-9 (¶¶ 31-38).)

• The Magistrate Judge recommends denying relief on Claims 6 and 7 on the ground that Mr. Johnson was "eventually" given access to the record of his trial.  (Doc. 16 at 5:18-20.)  This reasoning is flawed because Mr. Johnson was not given access to the recording at a meaningful time, since the briefing in his appeal was already completed by the time he received it.  (Doc. 1 at 9-10 (¶¶ 39-44)); Doc. 9 at 7-8 (¶¶ 39-44); Doc. 16 at 5:11-20.)

• The Magistrate Judge recommends denying relief on Claim 9 on the rationale that Mr. Johnson "never requested a copy of the criminal code or rules of procedure."  (Doc. 16 at 5:21.)  But this factual assertion is appears to be based solely on an assertion set forth in the Community's answer.  (Doc. 9 at 9 (¶ 52).)

This is not an adequate basis upon which to deny relief on this claim. *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1279 (9th Cir. 1993) ("bare assertions or unsupported conclusions are not facts sufficient to support either a summary or a post-trial judgment").

## Conclusion

For the reasons set forth above and in Mr. Johnson's pleadings, the Court should reject the Magistrate Judge's recommendation and grant Mr. Johnson's habeas corpus petition.

Respectfully submitted: August 17, 2012.

JON M. SANDS
Federal Public Defender
District of Arizona

 s/ *Daniel L. Kaplan*
DANIEL L. KAPLAN
Assistant Federal Public Defender
KEITH J. HILZENDEGER
Research and Writing Specialist
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

Copy of the foregoing transmitted
by CM/ECF for filing this 17th day
of August, 2012, to:

Clerk's Office
United States District Court
Sandra Day O'Connor Courthouse
401 West Washington Street
Phoenix, Arizona 85003

Linus Everling (SBA #019760)
Thomas L. Murphy (SBA # 022953)
Rebecca A. Hall (SBA # 022485)
Gila River Indian Community
Office of the General Counsel
Post Office Box 97
Sacaton, Arizona 85147
*Attorneys for the Gila River Indian Community*

Copies delivered by First Class
United States Mail this 17th day
of August, 2012, to:

Sherwin Johnson
Gila River Indian Community
Department of Rehabilitation and Supervision
P.O. Box 399
Sacaton, AZ 85147


s/ *S. West*