**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherwin Johnson, | No. CV-11-01979-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Randy Tracy, Chief Administrator, Gila River Indian Community Department of Rehabilitation and Supervision | |
| Respondent. | |

On October 11, 2011, Petitioner Sherwin Johnson filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 25 U.S.C. § 1303 and 28 U.S.C. § 2241. Doc. 1. Petitioner alleges that the procedures of his trial by the Gila River Indian Community violated the Tribal Law and Order Act ("TLOA"), Pub. L. No. 111-121, tit. II (Jul. 29, 2010), 124 Stat. 2261-2301. Doc. 1 at 5-12. The TLOA amended the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1302.

Respondent Randy Tracy filed an opposition to the petition, arguing that the TLOA, which became effective after Petitioner's alleged crimes but before his trial, should not be applied retroactively to Petitioner's case. Doc. 9. On January 17, 2012, Petitioner filed a "Motion that the Tribal Law and Order Act Not be Applied Retroactively." Doc 12. Despite its title, the motion argued that application of the TLOA in Petitioner's case would not be retroactive. *Id*; *see* Doc. 16 at 2.

On August 10, 2012, Magistrate Judge David K. Duncan issued a report and recommendation ("R&R") that suggested the petition be denied. Petitioner has objected

to the R&R (Doc. 17), and Respondent has not filed a response to the objection. With the Court's permission (Doc. 22), the office of the Federal Public Defender filed an *amicus curaie* brief in support of Petitioner (Doc. 21) and Respondent filed a response (Doc. 24). The parties have not requested oral argument. For the reasons that follow, the Court will reject the R&R, grant the Petition for Writ of Habeas Corpus, vacate the previous sentence and verdict, and order that Petitioner be given a new trial that includes the procedural protections of the TLOA.

**I.     Background.**

Petitioner is an inmate of the Gila River Indian Community's Department of Rehabilitation and Supervision in Sacaton, Arizona. Doc. 1, ¶ 5. Respondent is the Department's Chief Administrator. *Id.* ¶ 6.

On June 14, 2010, the Community filed a complaint against Petitioner alleging unlawful restraint in violation of Community Code § 5.408.A, sexual abuse in violation of Community Code § 5.817.A, and assault in violation of Community Code § 5.402A1. *Id.* ¶ 8. All three counts relate to conduct involving Petitioner and his cousin, Hannah Kisto, that allegedly occurred on or about June 12, 2010, within the boundaries of the Gila River Indian Reservation. *Id.*

Following a jury trial on November 15, 2010, Petitioner was convicted of all counts. *Id.* ¶ 10; Doc. 16, at 2. On December 16, 2010, the Community Court sentenced Petitioner to 120 days' probation on count one, 365 days' detention on count two, and 365 days' detention on count three. The detention terms were said to run consecutively to any sentence of detention in any other count in this case or any other case in which Petitioner previously was sentenced by the Community Court. Doc. 1, ¶ 14; Doc. 16, at 2. The sentence resulted in two years of imprisonment followed by 120 days of probation. Because of sentences imposed in two previous cases, Petitioner's scheduled release date is not until July 28, 2014. Doc. 1, ¶ 15; Doc. 16, at 2.

Petitioner filed an appeal with the tribal court of appeals on January 4, 2010. *See* Doc. 15, at 5. He filed his petition in this Court on October 11, 2011. Doc. 1. The court

of appeals affirmed Petitioner's conviction on June 18, 2012. Doc. 15.

## II. Legal Standard.

A party may file written objections to an R&R's proposed findings and recommendations. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Persons in tribal custody claiming violation of the ICRA may seek relief through a habeas corpus petition. 25 U.S.C. § 1303.

## III. Analysis.

### 1. Petitioner's Claims.

Petitioner asserts nine claims in his petition for habeas relief. Doc. 1. Claims one and two allege that the judges presiding over Petitioner's trial and appeal lacked the qualifications required by the TLOA for tribal criminal proceedings that impose a total term of imprisonment of more than one year, in violation of 25 U.S.C. § 1302(c)(3). *Id.* at 5-7. Claim four alleges that the Community failed to maintain a complete record of the trial as required by the TLOA, in violation of 25 U.S.C. § 1302(c)(5). *Id.* at 7-8. Claim six alleges that the Community failed to comply with the TLOA requirement that Petitioner be afforded reasonable access to a record of his trial while appealing to the court of appeals, in violation of 25 U.S.C. § 1302(c)(5). *Id.* at 9-10. Claim eight alleges a violation of the TLOA right to a jury trial because the jury did not find all of the facts necessary to subject Petitioner to more than one year of imprisonment, in violation of 25 U.S.C. § 1302(a)(10) and (b). *Id.* at 10-11. Petitioner also alleges several due process violations under 25 U.S.C. § 1302(a), all of which arise from the alleged procedural violations of the TLOA. *Id.* at 7-12.

The R&R recommends that the Court deny Petitioner's claims because they

"presume a retroactive application" of the TLOA that could create an *ex post facto* problem. Doc. 16, at 4; *see* U.S. CONST. art. I, § 10. The Court does not agree that application of the TLOA's procedural protections in Petitioner's trial would constitute retroactive application of the TLOA or present *ex post facto* problems.

### 2. Application of the TLOA to Petitioner's Trial.

Petitioner's alleged crimes occurred on or about June 12, 2010, the TLOA became effective on July 29, 2010, and Petitioner's trial was held on November 15, 2010. Thus, although the TLOA was not in effect when Petitioner committed the alleged crimes, it was in effect at the time of his trial. Given this timing, the Court concludes that application of the TLOA's procedural protections to Petitioner's trial would not have been a retroactive application of the statute.

The Supreme Court's decision in *Landgraf v. Usi Film Products*, 511 U.S. 244 (1994), provides guidance on whether a particular application of a statute is retroactive. The Supreme Court stated in *Landgraf* that a "statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment[.]" *Id*. at 269. Rather, courts addressing retroactivity must consider the nature of the statutory provision at issue and its effect upon the rights of the parties. "Changes in procedural rules," for example, "may often be applied in suits arising before their enactment without raising concerns about retroactivity." *Id.* at 275. "Because rules of procedure regulate secondary rather than primary conduct, the fact that a new procedural rule was instituted after the conduct giving rise to the suit does not make application of the rule at trial retroactive." *Id.* at 275. Indeed, as a general matter, "a court is to apply the law in effect at the time it renders its decision[.]" *Id.* at 264 (citing *Bradley v. School Bd. of City of Richmond,* 416 U.S. 696, 711 (1974)).

Petitioner complains about having been denied procedural protections of the TLOA. These include the qualifications of the trial judge, maintenance of a trial record, access to the record on appeal, and the right to specific jury findings. Under *Landgraf*, application of these procedural changes to Petitioner's trial – which occurred more than

three months after the TLOA became effective – would not raise retroactivity concerns. As the Supreme Court explained, a procedural change to a statute "would ordinarily govern in trials conducted after its effective date." *Landgraf*, 511 U.S. at 280.

It also is clear that the procedural protections of 25 U.S.C. § 1302(c) were applicable to Petitioner's trial under the terms of the TLOA. The statute provides that they are to be applied in any "criminal proceeding in which an Indian tribe, in exercising the powers of self-government, imposes a *total* term of imprisonment of more than 1 year on a defendant[.]" 25 U.S.C. § 1302(c) (emphasis added). Petitioner's "total" prison term of two years, resulting from a single "criminal proceeding," clearly falls within this provision. As a result of this analysis, the Court concludes that the procedural protections of 25 U.S.C. § 1302(c) should have been applied to Petitioner's trial.

### 3. The *Ex Post Facto* and Savings Clauses.

The R&R recommends dismissing Petitioner's claims because application of the TLOA to his case would create unconstitutional *ex post facto* problems and result in ameliorative criminal legislation in violation of the Savings Clause. Doc. 16, at 4. The *Ex Post Facto* Clause prohibits,

> any statute which punishes as a crime an act previously committed, which was innocent when done, which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with the crime of any defense available according to law at the time when the act was committed[.]

*Beazell v. Ohio*, 269 U.S. 167, 169 (1925).

The TLOA raised the per-offense maximum sentence that a tribal court can impose from one year to three years under specified conditions. 25 U.S.C. § 1302(a)(7). The R&R interprets this potential for longer sentences as an increase in punishment and concludes that "applying the TLOA to conduct which occurred before the law was effective would violate the *Ex Post Facto* Clause." Doc. 16 at 4.

Although the Court agrees that application of the TLOA's enhanced penalty provisions to Petitioner would create *ex post facto* problems, that does not mean that

application of the TLOA's procedural protections would create such problems. The procedural protections set forth in 25 U.S.C. § 1302(c) do nothing to increase the criminal penalties applicable to Petitioner's crimes. Affording Petitioner those protections would not criminalize conduct of Petitioner that previously was not criminal, impose on him a more burdensome punishment, or deprive him of a defense, and therefore would not violate the *Ex Post Facto* Clause. *See Collins v. Youngblood*, 497 U.S. 37, 45 (1990) (Texas procedural statute "does not punish as a crime an act previously committed, which was innocent when done; nor make more burdensome the punishment for a crime, after its commission; nor deprive one charged with crime of any defense available according to law at the time when the act was committed. Its application to respondent therefore is not prohibited by the *Ex Post Facto* Clause[.]"); *United States v. Woods*, 399 F.3d 1144, 1147 (9th Cir. 2005) ("Generally, if a change in criminal law does 'not increase the punishment nor change the ingredients of the offense or the ultimate facts necessary to establish guilt,' the change is procedural and therefore does not affect a substantial right" and "does not violate the *Ex Post Facto* Clause of the United States Constitution.") (quoting *Weaver v. Graham*, 450 U.S. 24, 31 n.12 (1981)).

Respondent appears to assume that application of some part of the TLOA to Petitioner would require application of all parts, including those that increase the penalties that may be imposed for his crimes. *Landgraf* makes clear, however, that the TLOA need not be applied to Petitioner in its entirety. *Landgraf* explains that when courts engage in retroactivity analysis "there is no special reason to think that all the diverse provisions of the Act must be treated uniformly for such purpose." 511 U.S. at 280. Rather, "courts should evaluate *each provision of the Act* in light of ordinary judicial principles concerning the application of new rules to pending cases and preenactment conduct." *Id.* (emphasis added). Thus, procedural provisions of a statute may be applied to a pending case even though application of the statute's penalty provisions would present serious retroactivity problems such as violation of the *Ex Post Facto* Clause. *See, e.g., Weaver*, 450 U.S. at 36 n.22 ("In remanding for this relief, we

note that only the *ex post facto* portion of the new law is void as to petitioner, and therefore any severable provisions which are not *ex post facto* may still be applied to him."). The Court accordingly concludes that application of the TLOA's procedural protections to Petitioner would not present retroactivity or *ex post facto* concerns.[1]

The Savings Clause argument is also unpersuasive. The Savings Clause states that "the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute[.]" 1 U.S.C. § 109. The clause might be implicated if the Court were to interpret the TLOA as extinguishing Petitioner's criminal liability or reducing his sentence, but nothing in the TLOA seems to authorize that result. Rather, the Court concludes that the proper remedy for the denial of the TLOA procedural protections is a new trial that includes those protections. Such a result does not "release or extinguish any penalty, forfeiture, or liability[.]" 1 U.S.C. § 109.

### 4. Conclusion and Remedy.

Petitioner's trial was a "criminal proceeding" at which an Indian tribe "imposed a total term of imprisonment of more than 1 year." 25 U.S.C. § 1302(c). Petitioner therefore should have been accorded the procedural protections of 25 U.S.C. § 1302(c) that were then in effect as a result of the TLOA amendments to the ICRA. Respondent does not dispute that the judge at the trial was not licensed to practice law by a jurisdiction in the United States. 25 U.S.C. § 1302(c)(3). Nor does Respondent dispute that the record of the trial was incomplete. 25 U.S.C. § 1302(c)(5).

The Court concludes that the proper remedy is to vacate Petitioner's verdict and

---

[1] Some might argue that the procedural protections of the TLOA are inextricably linked to its increased penalty provisions because the procedural protections apply only when the defendant's "total" term of imprisonment exceeds one year, and prior to the TLOA tribes could not impose prison terms of more than one year for any criminal offense. Such a conclusion might lead to the decision that the procedural protections cannot be applied if the enhanced criminal penalties cannot be applied. *Cf. Landgraf*, 511 U.S. at 281-83. The Court would find this argument persuasive if tribes were not permitted to impose "total" prisoner terms of more than one year before the enactment of the TLOA, but such total terms were permitted. As in this case, tribes were allowed to impose consecutive one year terms for separate offenses charged in a single criminal proceeding. *See Miranda v. Anchondo*, 684 F.3d 844 (9th Cir. 2012); *Bustamane v. Valenzuela*, 715 F. Supp. 2d 960 (D. Ariz. 2010).

sentence and grant the Petitioner a new trial under the procedures of 25 U.S.C. § 1302(c) if the new trial may result in "a total term of imprisonment of more than 1 year." 25 U.S.C. § 1302(c). Any new proceeding may not seek to impose the enhanced penalties of 25 U.S.C. § 1302(a)(7)(C) and § 1302(b) because imposition of such penalties for conduct that occurred before enactment of the TLOA would violate the *Ex Post Facto* Clause. The trial may, however, again result in Petitioner's sentence for consecutive one-year sentences as was permitted before the TLOA.[2]

**IT IS ORDERED:**

1. The Report and Recommendation (Doc. 16) is **rejected**.
2. The Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.
3. The sentence and verdict of the Community Court (Case No. 2010-00515) are **vacated**.
4. A new trial, to be conducted in accordance with 23 U.S.C. § 1302(c), is **ordered**.
5. The Clerk is directed to terminate this action.

Dated this 28th day of September, 2012.

_____
David G. Campbell
United States District Judge

---

[2] It does not appear that the procedural provisions of 25 U.S.C. § 1302(b) would apply to several one-year sentences imposed for separate offenses and made to run consecutively, as in Petitioner's case, because those provisions apply only when the tribe seeks to "subject a defendant to a term of imprisonment greater than 1 year but not to exceed 3 years *for any 1 offense*[.]" 25 U.S.C. § 1302(b) (emphasis added).

- 8 -